IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SPHAR,<br><br>        **Plaintiff**,<br><br>    v.<br><br>AON CONSULTING, INC., BMC SOFTWARE, INC., and HEWITT ASSOCIATES LLC,<br><br>        **Defendants.** | 08 cv 3489<br>Judge Der-Yeghiayan<br>Magistrate Judge Brown |

### DEFENDANT BMC'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant BMC Software, Inc. ("Defendant BMC"), pursuant to Federal Rules of Civil Procedure 8 and 12, submits the following Answer, Defenses and Affirmative Defenses to the Complaint of Michael Sphar ("Plaintiff" or "Sphar").

### BACKGROUND AND JURISDICTION

1. This is a cause of action alleging a violation of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 *et seq.* as a result of Defendants' failure to abide by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1.161, *et seq.*

**ANSWER:** Defendant BMC admits that Plaintiff purports to bring this action seeking certain relief pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 *et seq.* and the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1161, *et seq.*, but denies that this action properly is brought and further denies that Plaintiff is entitled to any relief whatsoever under ERISA and/or COBRA. Defendant BMC denies any remaining allegations in Paragraph 1 of the Complaint.

- 2 -

    2.    Plaintiff MICHAEL SPHAR is a resident of Cook County, Illinois.

**ANSWER:**  Defendant BMC admits the allegations in Paragraph 2 of the Complaint.

    3.    Defendant AON CONSULTING, INC. is a New Jersey Corporation doing business in Chicago, Illinois.

**ANSWER:**  Defendant BMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

    4.    Defendant BMC Software, Inc. is a Delaware Corporation with contacts in Chicago, Illinois.

**ANSWER:**  Defendant BMC admits that it is a Delaware Corporation.  Defendant BMC further admits that it conducts business in Chicago, Illinois.

    5.    Defendant HEWITT ASSOCIATES LLC, is an Illinois limited liability corporation doing business in Lincolnshire, Illinois.

**ANSWER:**  Defendant BMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

    6.    This court has jurisdiction pursuant to ERISA, 29 U.S.C. § 1132 *et seq*.

**ANSWER:**  Defendant BMC admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 1132, and that this Court has original jurisdiction over claims brought under this statute, but denies that this action properly is brought.  Defendant BMC denies any remaining allegations in Paragraph 6 of the Complaint.

    7.    Venue is proper in the Northern District of Illinois because the acts alleged occurred herein.

**ANSWER:**  Defendant BMC admits the allegations in Paragraph 7 of the Complaint.

    8.    Plaintiff was employed by BMC Software for approximately eleven years.  On October 29, 2007, his employment was terminated as a result of a reduction in force.  During his employment with BMC Software, Plaintiff was enrolled in their Welfare Plan, which was administered by AON.

**ANSWER:**  Defendant BMC admits that Plaintiff was employed at BMC from on or about September 9, 1996 until on or about October 29, 2007, and that Plaintiff's position was eliminated due to a reduction in force.  Defendant BMC further admits that Plaintiff received medical, dental and vision benefits through BMC sponsored plans, and that Aon provided administrative services for the plans.  Defendant BMC denies any remaining allegations in Paragraph 8 of the Complaint.

9.   Upon information and belief, AON was BMC Software's Welfare Plan administrator until December 31, 2007 at which time HEWITT became BMC's Welfare Plan administrator.

**ANSWER:**  Defendant BMC admits that Aon provided administrative services for BMC sponsored medical, dental and vision plans until on or about December 31, 2007, and that Hewitt began providing administrative services for BMC sponsored medical, dental and vision plans on or about January 1, 2008.  Defendant BMC denies any remaining allegations in Paragraph 9 of the Complaint.

10.   Pursuant to COBRA, an employer is required to notify its group health plan administrator of a qualifying event (such as a termination) within 30 days.

**ANSWER:**  Defendant BMC admits that with certain exceptions, COBRA requires the employer of an employee under a group health plan subject to continuation coverage requirements to notify the administrator of certain specified qualifying events within 30 days of the date of the qualifying event.  Defendant BMC denies any remaining allegations in Paragraph 10 of the Complaint.

11.   COBRA also requires the plan administrator to notify the terminated employee within fourteen days of the right to elect continued health insurance coverage and to allow the terminated employee at least sixty (60) days to decide whether to elect continuation of their group health plan coverage.

**ANSWER:**  Defendant BMC admits that with certain exceptions, COBRA requires the administrator of a group health plan subject to continuation coverage requirements to notify

- 3 -

qualified beneficiaries of their rights to continuation coverage under the plan; that in certain cases, this notification must occur not later than 14 days after receipt of the notice of qualifying event; and, that in certain cases, a qualified beneficiary is entitled to 60 days within which to elect continuation coverage.  Defendant BMC denies any remaining allegations in Paragraph 11 of the Complaint.

12. At the time of his discharge, Plaintiff was provided with a packet indicating that he would be receiving information about COBRA within 31 days.  To date, Plaintiff has not been provided with documentation notifying him how to elect to continue his medical insurance coverage.

**ANSWER:**  Defendant BMC admits that at the end of Plaintiff's employment with BMC, Plaintiff was provided a packet of information that provided, among other information, that: "You may be eligible to continue your health care coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA).  Our COBRA Administrator will send information about this program to your home address within 31 days of your date of termination."  Defendant BMC denies the remaining allegations in Paragraph 12 of the Complaint.

13. When Plaintiff failed to receive COBRA notice after approximately thirty days, he contacted AON and they agreed to send out another notice.  Plaintiff never received it.  In early January 2008, he received a letter indicating that his insurance was cancelled since he had not elected to continue his health insurance benefits.  He was not aware that he had the right to appeal that decision until early February 2008.  At approximately the same time, Plaintiff had some serious medical issues that intermittently prevented him from taking action on the denial of benefits until February 18, 2008.  At that time, Plaintiff spoke with a representative at AON, who informed him that AON was no longer the benefits administrator and that he would have to contact the new benefits administrator, HEWITT.  He contacted HEWITT who told him that it would first be necessary for him to have AON reinstate his benefits and then to contact HEWITT to have them continued.  AON told him to he should file a written appeal, which he did.  On February 21, 2008, Plaintiff received a brief telephone call from a representative at AON who simply told him that his appeal was denied.  It was implied by the AON representative that Plaintiff should again contact HEWITT, which he did.  HEWITT reported that they were investigating the matter.  Subsequently, Plaintiff suffered a relapse of his medical condition. Between February 26, 2008 and March 8, 2008, Plaintiff received a voice mail message from HEWITT indicating that his appeal had been denied.  In subsequent conversations, Defendants reiterated that the appeal had been denied, but never sent any correspondence confirming their decision.  Finally, Plaintiff asked AON to provide whatever evidence they had that they sent

- 4 -

notice to Plaintiff, but it refused.  Plaintiff has exhausted all internal avenues of appeal prior to filing this suit.

**ANSWER:**  Defendant BMC is without knowledge or information sufficient to form a belief as to the truth of the allegations, specifically as to Plaintiff's alleged communication with Aon and Hewitt, and therefore denies them.  Defendant BMC further denies that Defendant BMC had any conversation with Plaintiff regarding his appeal.  Defendant BMC denies any remaining allegations in Paragraph 13 of the Complaint.

      14.    As a result of not receiving COBRA notice, Plaintiff was unable to continue the health insurance benefits that he had while working for BMC Software, Inc and was required to incur significant costs for medical services.

**ANSWER:**  Defendant BMC denies the allegations in Paragraph 14 of the Complaint.

      15.    In addition, Defendants are liable for penalties as a result of their failure to provide Plaintiff with notice pursuant to 29 U.S.C. § 1132(c)(1).

**ANSWER:**  Defendant BMC denies the allegations in Paragraph 15 of the Complaint.

      16.    Plaintiff is also entitled to attorneys fees and his costs of suit pursuant to 29 U.S.C. § 1132(g).

**ANSWER:**  Defendant BMC denies the allegations in Paragraph 16 of the Complaint.

      WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award Plaintiff the following relief:

      A.    COBRA benefits retroactive to November 1, 2007;

      B.    Payment of all medical bills that Plaintiff has incurred since being discharged in the same manner as his health insurance benefit plan would have done;

      C.    Penalties for failure to provide notice to Plaintiff at the rate of $100 per day;

      D.    Plaintiff's costs of suit and attorneys fees; and

      E.    Any other and further relief as this Court deems just and proper.

**ANSWER:**  Defendant BMC denies that Plaintiff is entitled to the relief prayed for in the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever in this proceeding.

## ADDITIONAL DEFENSES

**Defense No. 1:**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Defense No. 2:**

Defendant BMC is not a proper defendant in this case because a claim for denial of benefits must be brought against the employee welfare benefit plan itself.

**Defense No. 3:**

There is no right to a jury trial in this case because ERISA's antecedents are equitable.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1:**

Defendant BMC acted in good faith at all times relevant to this action and had reasonable grounds to believe that its acts and omissions, if any, were not a violation of ERISA, COBRA, and/or any other applicable law.

**Affirmative Defense No. 2:**

Plaintiff's claims are barred, in whole or in part, by applicable statues of limitation and/or are otherwise untimely.

**Affirmative Defense No. 3:**

Plaintiff received notice of all benefits he was entitled to receive.

**Affirmative Defense No. 4:**

Plaintiff waived coverage for any benefit to which he was entitled.

- 7 -

**Affirmative Defense No. 5:**

Plaintiff received all benefits to which he was entitled.

**Affirmative Defense No. 6:**

Plaintiff failed to exhaust administrative remedies and/or claim review.

**WHEREFORE**, Defendant BMC requests that the Complaint be dismissed in its entirety with prejudice; that Plaintiff take nothing by way of the Complaint; that Defendant BMC be awarded its costs and attorneys' fees incurred herein; and that Defendant BMC be awarded such further relief as the Court deems just and proper.

Dated: July 9, 2008

Respectfully submitted,

s/Efrat R. Schulman
Michael J. Gray (6210880)
mjgray@jonesday.com
Efrat R. Schulman (6280999)
eschulman@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone:   (312) 782-3939
Facsimile:   (312) 782-8585

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2008, I electronically filed the foregoing *Defendant BMC's Answers, Defenses and Affirmative Defenses* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record at their e-mail address on file with the Court:

Jonathan C. Goldman

Arthur R. Ehrlich

Jody A. Boquist

s/Efrat R. Schulman
One of the Attorneys for Defendant BMC
Software, Inc.

CHI-1657565v1