IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SPHAR,<br><br>   Plaintiff,<br><br> v.<br><br>AON CONSULTING, INC., BMC SOFTWARE, INC., and HEWITT ASSOCIATES LLC,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) No. 08 C 3489<br>)<br>) Judge Samuel Der-Yeghiayan<br>)<br>) Magistrate Judge Geraldine Soat Brown<br>) |

**DEFENDANT AON CONSULTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Aon Consulting, Inc. ("Defendant Aon"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**BACKGROUND AND JURISDICTION**

1. This is a cause of action alleging a violation of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 *et seq.* as a result of Defendants' failure to abide by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1161, *et seq.*

**ANSWER**: Defendant Aon acknowledges that Plaintiff asserts claims under the aforementioned statutes. Defendant Aon affirmatively states that Plaintiff will be unable to establish said claims and denies the remaining allegations of Paragraph 1.

2. Plaintiff Michael Sphar is a resident of Cook County, Illinois.

**ANSWER**: Defendant Aon admits the allegations of Paragraph 2.

3. Defendant Aon Consulting, Inc. is a New Jersey Corporation doing business in Chicago, Illinois.

**ANSWER**: Defendant Aon admits that it is a New Jersey corporation, that does business in Illinois. Defendant Aon denies the remaining allegations of Paragraph 3.

4. Defendant BMC Software, Inc. is a Delaware Corporation with contacts in Chicago, Illinois.

**ANSWER**: Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies Paragraph 4.

5. Defendant Hewitt Associates LLC is an Illinois limited liability corporation doing business in Lincolnshire, Illinois.

**ANSWER**: Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies Paragraph 5.

6. This court has jurisdiction pursuant to ERISA, 29 U.S.C. § 1132 *et seq*.

**ANSWER**: Defendant Aon acknowledges that Plaintiff seeks to invoke this Court's jurisdiction over his claims. Defendant Aon denies the remaining allegations of Paragraph 6.

7. Venus is proper in the Northern District of Illinois because the acts alleged occurred herein.

**ANSWER**: Defendant Aon acknowledges that venue is proper before this Court. Defendant Aon denies the remaining allegations of Paragraph 7.

8. Plaintiff was employed by BMC Software for approximately eleven years. On October 29, 2007, his employment was terminated as a result of a reduction in force. During his employment with BMC Software, Plaintiff was enrolled in their Welfare Plan, which was administered by Aon.

**ANSWER**: Defendant Aon admits that it was notified that on or about October 29, 2007, Plaintiff's employment was terminated by his employer, BMC Software. Defendant Aon further admits that at the time of Plaintiff's termination, Defendant Aon administered BMC Software's Plan and Plaintiff received medical, dental and vision coverage through the Plan. Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and on that basis denies the remaining allegations of Paragraph 8.

9. Upon information and belief, Aon was BMC Software's Welfare Plan administrator until December 31, 2007 at which time Hewitt became BMC's Welfare Plan administrator.

**ANSWER**:   Defendant Aon admits that it provided administrative services for BMC Software's Plan until on or about December 31, 2007. Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and on that basis denies the remaining allegations of Paragraph 9.

10.   Pursuant to COBRA, an employer is required to notify its group health plan administrator of a qualifying event (such as a termination) within 30 days.

**ANSWER**:   Paragraph 10 is a legal conclusion requiring no response. To the extent that Paragraph 10 is not a legal conclusion, Defendant Aon admits that with certain exceptions, COBRA requires the employer to notify the administrator of certain qualifying events within 30 days of the qualifying event. Defendant Aon denies the remaining allegations of Paragraph 10.

11.   COBRA also requires the plan administrator to notify the terminated employee within fourteen days of the right to elect continued health insurance coverage and to allow the terminated employee at least sixty (60) days to decide whether to elect continuation of their group health plan coverage.

**ANSWER**:   Paragraph 11 is a legal conclusion requiring no response. To the extent that Paragraph 11 is not a legal conclusion, Defendant Aon admits that with certain exceptions, COBRA requires the administrator of a group health plan subject to continuation coverage requirements to notify qualified beneficiaries of their rights to continuation coverage under the plan; that in certain cases, this notification must occur not later than 14 days after receipt of the notice of a qualifying event; and, in certain cases, a qualified beneficiary is entitled to 60 days within which to elect continuation coverage. Defendant Aon denies the remaining allegations of Paragraph 11.

12.   At the time of his discharge, Plaintiff was provided with a packet indicating that he would be receiving information about COBRA within 31 days. To date, Plaintiff has not been provided with documentation notifying him how to elect to continue his medical insurance coverage.

**ANSWER**:   Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the allegations, specifically as to Plaintiff's receipt of a packet from

Defendant BMC at the time of his discharge, and on this basis denies the first sentence of Paragraph 12. Defendant Aon denies the remaining allegations of Paragraph 12.

13. When Plaintiff failed to receive COBRA notice after approximately thirty days, he contacted Aon and they agreed to send out another notice. Plaintiff never received it. In early January 2008, he received a letter indicating that his insurance was cancelled since he had not elected to continue his health insurance benefits. He was not aware that he had the right to appeal that decision until early February 2008. At approximately the same time, Plaintiff had some serious medical issues that intermittently prevented him from taking action on the denial of benefits until February 18, 2008. At that time, Plaintiff spoke with a representative at Aon, who informed him that Aon was no longer the benefits administrator and that he would have to contact the new benefits administrator, Hewitt. He contacted Hewitt who told him that it would first be necessary for him to have Aon reinstate his benefits and then to contact Hewitt to have them continued. Aon told him to [sic] he should file a written appeal, which he did. On February 21, 2008, Plaintiff received a brief telephone call from a representative at Aon who simply told him that his appeal was denied. It was implied by the Aon representative that Plaintiff should again contact Hewitt, which he did. Hewitt reported that they were investigating the matter. Subsequently, Plaintiff suffered a relapse of his medical condition. Between February 26, 2008 and March 8, 2008, Plaintiff received a voice mail message from Hewitt indicating that his appeal had been denied. In subsequent conversations, Defendants reiterated that the appeal had been denied, but never sent any correspondence confirming their decision. Finally, Plaintiff asked Aon to provide whatever evidence they had that they sent notice to Plaintiff, but it refused. Plaintiff has exhausted all internal avenues of appeal prior to filing this suit.

**ANSWER**: Defendant Aon is without knowledge or information sufficient to form a belief as to the truth of the allegations, specifically as to Plaintiff's alleged communication with Hewitt, and therefore denies these allegations. Defendant Aon admits that Plaintiff contacted Defendant Aon on or about November 27, 2007 and Defendant Aon agreed to send out another notification of continued healthcare coverage pursuant to COBRA. Defendant Aon further admits that on or about December 31, 2007, Defendant Aon mailed Plaintiff a non-commencement letter to the same address it sent prior notification. Defendant Aon denies the remaining allegations of Paragraph 13.

14. As a result of not receiving COBRA notice, Plaintiff was unable to continue the health insurance benefits that he had while working for BMC Software, Inc. and was required to incur significant costs for medical services.

**ANSWER**: Defendant Aon denies the allegations of Paragraph 14.

15. In addition, Defendants are liable for penalties as a result of their failure to provide Plaintiff with notice pursuant to 29 U.S.C. § 1132(c)(1).

**ANSWER**:    Defendant Aon denies the allegations of Paragraph 15.

16. Plaintiff is also entitled to attorneys fees and his costs of suit pursuant to 29 U.S.C. § 1132(g).

**ANSWER**:    Defendant Aon denies the allegations of Paragraph 16.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award Plaintiff the following relief:

A. COBRA benefits retroactive to November 1, 2007;

B. Payment of all medical bills that Plaintiff has incurred since being discharged in the same manner as his health insurance benefit plan would have done;

C. Penalties for failure to provide notice to Plaintiff at the rate of $100 per day;

D. Plaintiff's costs of suit and attorneys fees; and

E. Any other and further relief as this Court deems just and proper.

**ANSWER**:    Defendant Aon denies the propriety of each and every request in Plaintiff's prayer for relief and each and every allegation therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has requested a trial by jury, there is no right to a jury trial under the claims asserted in Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff cannot state a claim upon which relief may be granted with respect to each and every cause of action set forth in his Complaint, it must be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Defendant Aon was not Plaintiff's employer.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statutes of limitations, his claims for relief are barred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed on the grounds that Defendant Aon provided Plaintiff notice regarding his rights to continuing health care coverage in accordance with ERISA and COBRA.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff waived coverage for any benefit to which he was entitled.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to exhaust his administrative remedy, his claims for relief are barred.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent, if any, that Defendant Aon is found to have violated ERISA and COBRA with respect to Plaintiff's Complaint (which Defendant Aon denies), said violation was not willful, malicious or with reckless disregard for the effect on Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

To the extent, if any, that Defendant Aon is found to have violated ERISA and COBRA with respect to Plaintiff's Complaint (which Defendant Aon denies), a violation was inadvertent, and as such, attorney's fees and statutory damages should not be assessed against Defendant

Aon.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Defendant Aon fully performed and/or met its obligations, if any, to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because of all Defendant Aon's actions towards or concerning Plaintiff were in good faith and taken for legitimate purposes, in accordance with Defendant Aon's legal, contractual duties, and were not in violation of any obligation owed to Plaintiff.

Defendant Aon reserves the right to assert additional affirmative defenses as established by the facts of the case.

WHEREFORE, Defendant, Aon Consulting, Inc., prays that the Complaint be dismissed in its entirety with prejudice; that Plaintiff take nothing by this action; and that the Defendant Aon be awarded its reasonable costs and such other relief as this Court deems proper.

Respectfully submitted,

AON CONSULTING, INC.

By: s/Marissa Ross Ingley
One of Its Attorneys

Jody A. Boquist (#06209561)
Marissa Ross Ingley (#6278347)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520

Dated: August 8, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jonathan C. Goldman
Goldman & Ehrlich
jon@goldmanehrlich.com

Michael J. Gray mjgray@jonesday.com
Efrat R. Schulman eschulman@jonesday.com
Jones Day

                                        s/Marissa Ross Ingley
                                        One of the Attorneys for Defendant Aon